UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS S.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C20-5125-MLP

ORDER

## I.  INTRODUCTION

Plaintiff seeks review of the denial of his application for Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred by rejecting his testimony and fashioning an erroneous residual functional capacity ("RFC"). (Dkt. #21 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.  BACKGROUND

Plaintiff was born in 1970, has limited education, and has worked as an industrial maintenance repairer helper, repairer, maintenance mechanic, and millwright. AR at 25. Plaintiff last engaged in substantial gainful activity in July 2016. *Id.* at 19.

ORDER - 1

On January 23, 2017, Plaintiff applied for benefits, alleging disability as of July 26, 2016. AR at 17. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. After the ALJ conducted a hearing on December 4, 2018, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 14-29. In relevant part, the ALJ found Plaintiff's severe thoracic, cervical, and lumbar degenerative disc disease, neuropathy, history of peripheral vascular disease, and mild obesity limited him to sedentary work subject to a series of further limitations. *Id*. at 19, 22. Based on vocational expert testimony the ALJ found Plaintiff could perform sedentary jobs found in significant numbers in the national economy. *Id*. at 27.

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

1 *Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one
2 rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.  DISCUSSION

#### A.  The ALJ Did Not Err by Discounting Plaintiff's Testimony

Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified he was "laid off on July 26, 2016 from his job as a millwright," and "after his cervical surgery he tried to find other work he felt he was required to do but received no callbacks or interviews." AR at 22. The ALJ noted Plaintiff testified "left-sided chronic pain, which he compared to being lit on fire, prevented him from working full-time," and that Plaintiff "also cited depression, a drop foot, and right arm pain" and "described problems with sitting, standing, and using his hands repeatedly." *Id.* The ALJ indicated Plaintiff "said a cane was prescribed around the time of his first surgery, but he could not recall exactly when or by which provider." *Id*. The ALJ noted Plaintiff testified "he really does not do a lot at home, but even so, he admitted to drives to the store on occasion, and spends a lot of time on the internet and watching shows on Netflix," and that Plaintiff "estimated that on average, he drives once or twice a week." *Id*.

The ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the

intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.*

In support, the ALJ first found Plaintiff's testimony "inconsistent with his daily activities." AR at 23. The ALJ found Plaintiff's post-lay off job search "indicates he felt capable of performing some type of work," and that "[c]ontrary to his statements about inability to use his hands repeatedly, the claimant reported to his therapist that he often played video games and was able to take a coastal drive." *Id*. The ALJ further found that "[i]n February 2018, he was walking about one-quarter of a mile, with an expressed goal of being able to walk more, and there was no mention of use of a cane." *Id*. The ALJ concluded "[t]his evidence demonstrates that the claimant is capable of performing work-related activities consistent with the residual functional capacity." *Id.*

Plaintiff argues the ALJ's "entire analysis of this issue is not supported by substantial evidence." (Dkt. # 21 at 10.) Plaintiff contends "none of [Plaintiff's] limited activities are inconsistent with his testimony, none of his activities meet the threshold for transferable work skills, and none of his activities show that he could perform any type of full-time competitive work on a sustained basis." (*Id*. (internal quotations omitted).) Here, the ALJ reasonably found that Plaintiff's reported activities, such as playing video games, driving to the coast, and walking without a cane are inconsistent with his testimony about limitations about hand use and the need for a cane. Plaintiff argues his motivation for engaging in these activities renders the ALJ's analysis "misleading": "[Plaintiff] *actually* told his therapist that he 'copes' with his impairments 'by playing video games which helps to distract him from his pain,' and the coastal drive helped him 'forget his pain for a little while.'" (Dkt. # 21 at 10 (emphasis in original) (quoting AR at 578, 584).) Plaintiff does not, however, dispute that he in fact engaged in these activities.

ORDER - 4

Plaintiff's subjective interpretation aside, it was not unreasonable for the ALJ to conclude Plaintiff's activities are inconsistent with his testimony. *See Molina*, 674 F.3d at 1113 ("[T]he ALJ may discredit a claimant's testimony when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting . . . Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.") (internal citations omitted).

The ALJ also rejected Plaintiff's testimony based upon the medical evidence. The ALJ found that while "the record establishes the existence of thoracic, cervical, and lumbar generative disc disease," it "does not contain objective evidence that supports the degree of debilitation alleged by the claimant." AR at 23. Plaintiff argues this is a "misapplication of the objective evidence test: Once [Plaintiff] showed that he has medical impairments which can reasonably be expected to cause *some degree* of his symptoms and limitations, the ALJ could not reject his testimony about the extent or severity of his symptoms and limitations based solely upon whether objective evidence supports the degree of limitations alleged by [Plaintiff]." (Dkt. # 21 at 11 (emphasis in original).) Although lack of objective medical evidence cannot be the sole reason an ALJ discounts subjective complaints, it is a relevant factor that the ALJ can consider in a credibility analysis. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Here, the ALJ did more than simply find there was a lack of objective evidence corroborating Plaintiff's claims. Of note, the ALJ found the medical evidence relating to Plaintiff's surgeries in 2016 and 2017 was inconsistent with his testimony. The ALJ found that Plaintiff "reported his neck/arm pain was 'nearly' gone, his hand strength was improving bilaterally, and he had more coordination with walking" following his surgery in 2016. AR at 24. The ALJ further found following surgery in

ORDER - 5

2017, Plaintiff was "very pleased with the improvement of his pain symptoms,' and 'mostly' off of pain medication." *Id.* at 25. Plaintiff does not dispute either of these findings. "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir. 1995)). Accordingly, the ALJ did not unreasonably find the medical record inconsistent with Plaintiff's testimony. Because the ALJ gave valid reasons supported by substantial evidence to discount Plaintiff's testimony, the Court affirms the ALJ's determination.

### B. The ALJ Did Not Err by Formulating Plaintiff's RFC and Making Step Five Findings

Plaintiff argues the Court should find the ALJ's RFC determination and step five findings are erroneous because the ALJ improperly discounted Plaintiff's testimony. (Dkt. # 21 at 17.) The argument is foreclosed because, as discussed above, the ALJ gave valid reasons supported by substantial evidence to discount Plaintiff's testimony.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 10th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 6